# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 2900 | DATE | July 18, 2002 |
| CASE TITLE | Diane Connolly v Volvo Trucks | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/31/02, at 9:00 a.m.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Memorandum opinion and order entered. Accordingly, plaintiff's motion to remand is denied.**

(11) ☐ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUL 19 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL 18 PM 12: 03 | | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE CONNOLLY, )
)
Plaintiff, )
) No. 02 C 2900
v. )
) Judge Robert W. Gettleman
VOLVO TRUCKS NORTH AMERICA, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Diane Connolly, Special Administrator of the Estate of her deceased husband, John Connolly ("decedent"), filed a three-count complaint in Illinois state court against defendant, Volvo Trucks North America, Inc., the manufacturer of the allegedly defective vehicle that caused decedent's death. Count I, brought under the Illinois Survival Act, seeks damages for the "pain and suffering and disability" suffered by decedent prior to his death. Count II, a wrongful death claim, seeks damages to compensate decedent's survivors for their pecuniary loss as a result of decedent's death. Count III, brought under the Family Expense Act, seeks damages to compensate plaintiff for the "necessary bills for medical, hospital, and funeral expenses" she was forced to incur as a result of decedent's death. Each of plaintiff's claims requests "a fair and reasonable sum in excess of . . . $50,000." Defendant removed plaintiff's suit to this court, stating in its notice of removal that, "Upon information and belief, Plaintiff, in fact, seeks an amount in excess of $75,000 in damages in this lawsuit." Plaintiff has filed a motion to remand the instant suit back to Illinois state court. For the reasons explained below, plaintiff's motion is denied.

Plaintiff is correct that defendant has the burden of establishing that jurisdiction is proper in this court because the amount in controversy in the instant suit meets the $75,000 requirement under 28 U.S.C. §1332(a)(1). (The parties do not contest that diversity of citizenship exists between them.) The court disagrees with plaintiff's conclusion, however, that the instant case must be remanded because defendant failed to comply with Local Rule 81.2, which sets forth procedures governing removals and remands.

Local Rule 81.2 provides that when a plaintiff's complaint "does not contain an express *ad damnum* as to at least one claim asserted by at least one plaintiff, in an amount exceeding [$75,000] . . . that is based on express allegations in that claim in conformity with that *ad damnum*," the defendant must comply with certain procedural requirements,[1] which the parties agree defendant did not comply with here. According to plaintiff, because none of her three claims, taken individually, contain an express *ad damnum* exceeding $75,000, defendant's failure to comply with one of the procedural requirements of Local Rule 81.2 is fatal to its removal attempt.

---

[1] When applicable, Local Rule 81.2 requires that the notice of removal include,

> in addition to any other matters required by law: (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and (2) with respect to at least one plaintiff in the Illinois action, either—(A) a response by such plaintiff to an interrogatory or interrogatories . . . as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional mount; or (B) an admission by such plaintiff in response to a request for admissions . . . or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request . . . in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

2

Plaintiff's argument overlooks the fact that in an appropriate case a plaintiff may aggregate her separate claims to meet the jurisdictional amount. In Herremans v. Carrera Designs, 157 F.3d 1118, 1121 (7th Cir. 1998), the court held that, "The diversity statute confers federal jurisdiction over 'civil actions' satisfying the required minimum amount in controversy, 28 U.S.C. §1332(a), not over counts, thus permitting [a] plaintiff to aggregate the stakes in . . . separate claims or counts to come up to the minimum." And there is no danger that plaintiff's claims in the instant case are actually "one claim pleaded in the alternative under separate legal theories," which prohibited aggregation (and therefore the defendant's attempt to remove) in Holmes v. Boehringer Ingelheim Pharms., Inc., 158 F. Supp. 2d 866 (N.D. Ill. 2001). In the instant case, unlike Holmes, plaintiff alleges three separate claims, each with its own asserted basis for damages. Thus, the court concludes that had plaintiff chosen to file the instant suit in this court instead of in Illinois state court, this court would have had original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because plaintiff's express *ad damnum* of $50,000 for each of her three independent claims could be aggregated to total $150,000.

What is good for the goose is—at least in this instance—good for the gander. If a plaintiff can properly aggregate the *ad damnums* in two or more of her claims to establish original jurisdiction in federal court, then the defendant in the same suit can do so to effectuate removal. The applicable portion of the federal removal statute provides that, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). The Seventh Circuit has interpreted this statute to mean that "[r]emoval is proper over any action that could have originally been filed in

3

federal court." Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997); see also Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993) (explaining that a defendant may remove a case from a state to federal court if federal jurisdiction exists); Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702 (1972) (same).

Thus, because plaintiff could aggregate the *ad damnums* on the face of her complaint to surpass the $75,000 amount in controversy requirement necessary to establish the court's original jurisdiction, defendant can do so as well to effectuate removal without having to follow the procedural requirements set forth in Local Rule 81.2. Defendant has met its burden of establishing that this court has jurisdiction over plaintiff's claims. Hence, plaintiff's motion to remand the instant case is denied.

This matter is set for a report on status on July 31, 2002, at 9:00 a.m.

**ENTER:** **July 18, 2002**

_____
Robert W. Gettleman
United States District Judge

4